**Manuel Jesus PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69171.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1992.

Jim Darnell, Carl H. Green, Michael J. Hutson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., & Matthew R. Dekoatz, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for state.

OPINION

WHITE, Judge.

Appellant was convicted of the offense of capital murder, specifically, murder com-

mitted in the course of a robbery. See TEX.PENAL CODE ANN. § 19.03(a)(2). His punishment was assessed at death, pursuant to affirmative answers to the three special issues. TEX.CRIM.PROC.CODE ANN. Art. 37.071, § 2(b)(1), (2), & (3). This case is before us on direct appeal. We will reverse and remand for a new trial.

Appellant does not challenge the sufficiency of the evidence at either the guilt or the punishment phase of the trial; therefore, we will dispense with all but the most cursory recitation of the facts.

On May 3, 1982, appellant and his accomplice, Maximino Galindo, set out to rob David de la Rosa, owner of C & C Auto Parts, a used auto parts establishment in El Paso, Texas. Appellant restrained de la Rosa, holding a gun and a knife on him, while Galindo collected de la Rosa's money and rings. Appellant demanded de la Rosa's Rolex watch. As Galindo was leaving the establishment, he saw de la Rosa "going after" appellant, and appellant's arm, with the knife in his hand, "going up in the air." While leaving the scene, appellant told Galindo, "I got the watch." The victim, de la Rosa, died from the stab wounds.

In his first point of error, appellant contends that he "is entitled to a new trial because the court reporter's tapes and notes have been lost and thus the statement of facts cannot be completed."[1] Under the authority of this court's decisions in *Payne v. State*, 802 S.W.2d 686 (Tex.Cr. App.1990), *Emery v. State*, 800 S.W.2d 530 (Tex.Cr.App.1990), and *Dunn v. State*, 733 S.W.2d 212 (Tex.Cr.App.1987) (plurality opinion), we sustain appellant's first point of error.

Appellant argues that when he received the statement of facts, he found that portions of the record were missing, and that many other portions of the record did not, in his view, accurately state what transpired during his trial. Appellant objected to these errors and discrepancies in the record. At this point, it was discovered

that the court reporter had lost the tapes and records of everything except for voir dire. Because appellant and the state could not agree on how to correct the errors and make substitutions for the missing portions of the record, appellant concludes that he has been denied the complete statement of facts he is entitled to, and that he should receive a new trial. The State responds that the existing law, as set out in *Dunn v. State, supra*, should be modified so that this Court may apply a harmless error analysis in order to determine if appellant was sufficiently harmed so that a new trial is justified.

After appellant filed his objections to the appellate record, the trial court conducted a hearing on December 5, 1985 to resolve those objections. At the conclusion of that hearing, appellant and the state agreed to attempt to amicably resolve those objections. Appellant then filed a set of amended objections to the record. The trial court then conducted a second hearing on appellant's objections to the record on June 8, 1987. Even though appellant and the state had been able to agree on corrections and substitutions for the great majority of appellant's 142 objections, it became apparent at the June hearing that the parties did not agree on corrections and substitutions for all of the missing parts of the record or of certain inaccuracies in the statement of facts.

The trial court filed findings of fact based upon those two hearings. Among them, the trial court found:

> The court reporter for this Court, after diligently searching, has been unable to locate the notes or audio tapes of the portions of the statement of facts relating to Defendant's unresolved objections. … all efforts to find the missing notes and tapes have been without success.

> The Defendant and the State of Texas, after diligent and good faith efforts, have been unable to reconstruct or otherwise agree as to the actual language of the portions of the statement of facts to

---

1. Even though the instant case was tried in the Spring of 1983, as a result of the condition of the record, the briefs in this case were not filed

until the Winter of 1988–1989. The instant case was set for submission to this Court at that time.

which appellant has objected and which are missing, and this Court is unable to otherwise complete the record to supply such missing portions.

Any delays in preparing the record were due to the length of the trial transcript and the court reporter's inability to locate the missing notes and tapes, and were not due in any way to the negligence, laches, or other fault on the part of the Defendant or his counsel.

Defendant timely requested a record, statement of facts and transcript in this cause, and due diligence was exercised by Defendant in an attempt to have said statement of facts, record, and transcript duly and timely filed.

The record as filed with the Court of Criminal Appeals, is not complete, in that certain portions of the statement of facts and transcript are missing, and certain of Defendant's objections to the record have not been resolved, and cannot be resolved, due to the missing tapes and notes of the court reporter.

We find the record of the instant case provides sufficient support for these findings of the trial court.[2]

■ In resolving appellant's first point of error, we find the instant cause is controlled by former TEX.CRIM.PROC.CODE ANN. Art. 40.09 (Vernon, repealed 1986).[3] The trial court notified appellant of the completion of the record on January 31, 1985. Appellant had to make his objections to the record before February 15, 1985. See former Art. 40.09(7), *supra*. The trial court granted appellant two extensions of time to file these objections: the first extension was granted on February 13, 1985, extending the time for filing the objections until September 1, 1985; the second extension was granted on August 27, 1985, extending the time for filing the objections until October 1, 1985. On October 1, 1985, appellant filed his objections to the record. A hearing was held on these objections on December 5, 1985.

■ Even though appellant filed a set of amended objections to the record in June of 1987, after the effective date of TEX. R.APP.P. 50, we hold that former Art. 40.09 is controlling because it was in effect when appellant had to perfect this point of error for appeal. *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1990); and *Payne v. State*, 802 S.W.2d 686 (Tex.Cr.App.1990). In *Harris v. State*, Judge Duncan wrote that

It would be absurd ... to require an appeal to be perfected under one standard and then arbitrarily apply another standard. Therefore, as to this appeal, we find that the provisions of the Code of Criminal Procedure are applicable.

Cases interpreting former Art. 40.09 have held that a defendant is entitled to the transcription of any part of the court reporter's notes which he has properly designated for inclusion in the appellate record, as long as he has exercised due diligence in attempting to secure the requested transcription and has in no way caused the omission due to negligence, laches, or other fault on his part or the part of his counsel. *Dunn v. State*, 733 S.W.2d, at 215; *Payne v. State*, 802 S.W.2d, at 689. The record in the instant case and the findings of the trial court establish that the above requirements have been satisfied.

The trial court and the parties in the instant case attempted in good faith to make substitutions for the missing portions and for the disputed sections of the record. They were unable to do so. In these cases, depriving a defendant of part of the statement of facts to which he is entitled results in a new trial. *Payne, supra; Emery v. State*, 800 S.W.2d, at 536; and *Dunn, supra*.

■ The State argues in its reply brief that this Court should endeavor to apply a harmless error analysis to this error. They cite no controlling authority to support this argument. In *Harris v. State*, 790 S.W.2d

---

2. This is clearly not a case where a defendant either failed to request that a record be kept of the trial, or where it was not apparent that a record was kept of the part of the trial in ques-

tion. Contra, *Gibbs v. State*, 819 S.W.2d 821, 828 (Tex.Cr.App., 1991).

3. See now TEX.R.APP.P. 50 (effective September 1, 1986).

568, at 584–589 (Tex.Cr.App.1989), this Court discussed the nature of harmless error analysis under TEX.R.APP.P. 81(b)(2). In the course of that discussion, this Court analyzed the theory of the harmless error rule.

> A reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction.

*Harris,* at 587.

 The nature of harmless error analysis calls for an appellate court to examine the error which occurred during the course of the trial and determine whether, beyond a reasonable doubt, the error made no contribution to the conviction or the punishment. If the appellate court finds the error met this test by not sufficiently interfering with integrity of the process, the error is harmless. A failure to provide a complete record on appeal falls outside the scope of this type of analysis. This type of error does not affect the internal integrity of a trial, but instead interferes with the judicial process by blocking an appellate court's ability to assess the record of a trial. How can we say the instant failure to provide a complete record did not contribute to the verdict or punishment when the failure has prevented us from having a complete record from which to assess the integrity of the verdict?

This Court has never applied harmless error analysis to a failure to provide a complete statement of facts for purposes of appeal. The State has failed to persuade us to do it in the instant case. We find it would be wholly inappropriate to do so. Appellant's first point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for new trial.

CLINTON, J., concurs in the result.

BAIRD, J., not participating.