Tony Valdez **GOMEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 1244–95.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 4, 1998.

Robert E. Hoskins, Galveston, for appellant.

B. Warren Goodson, Jr., Asst. Dist. Atty., Galveston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge, delivered the opinion of the Court.

Appellant was charged by indictment for the offense of burglary of a habitation. V.T.C.A., Penal Code, Section 30.02 (1989). A jury found him guilty as charged, found two enhancement paragraphs true, and sentenced him to eighty-seven years of confinement.

The Court of Appeals affirmed appellant's conviction, 905 S.W.2d 735 (Tex.App.—Houston [14th Dist.] 1995), and he filed a petition for discretionary review with this Court alleging two grounds for review. We granted appellant's first ground for review in order to decide whether "the Court of Appeals erred in holding that appellant did not specifically designate missing exhibits for inclusion in the record [and therefore] [ ] cannot complain of

their absence on appeal." We will affirm the judgment of the Court of Appeals.

*FACTS OF THE CASE*

The judgment was signed and entered on February 12, 1993. Appellant filed his written notice of appeal on the same day. On March 15, 1993, appellant filed a motion for new trial, which was subsequently denied on April 6, 1993. On April 14, 1993, appellant, by means of a letter written to the court reporter, requested the preparation of an original and one copy of the statement of facts. The pertinent part of the letter reads as follows:

"Please be advised the defendant in the above and [sic] styled and numbered cause has given Notice of Appeal. Defendant requests that you prepare and deliver an original and one copy of a Statement of Facts for use in this appeal. This Statement of Facts must be in question-and-answer form of the evidence, exhibits and all other matters, including voir dire and arguments, that were reported in this cause. It must also be certified."

The following day, appellant filed a designation of transcript with the clerk, pursuant to Tex.R.App.P. 51(b),[1] that listed sixteen items to be included in the appellate record. Appellant failed, however, to request that the exhibits be included in the transcript.

On September 16, 1993, the Court of Appeals issued an order for preparation of a supplemental statement of facts requesting that copies of the exhibits be included pursuant to Tex.R.App.P. 55(b). Appellant then submitted to the Court of Appeals an affidavit from the court reporter stating the original trial exhibits had been inadvertently destroyed. Appellant complains that the most significant exhibits cannot be replaced.[2]

---

1. All references to rules are to those in the "old" Texas Rules of Appellate Procedure, unless otherwise indicated. Moreover, we apply the "old" rules in deciding in this case whether original exhibits are part of the "court reporter's notes and records" under Tex.R.App.Proc. 50(e). See Paragraph 2 of Texas Court of Criminal Appeals August 15, 1997, order approving of revisions to the Texas Rules of Appellate Procedure. "Old" rule 50(e) has been merged into current Tex. R.App.Proc. 34 and in particular Tex. R.App..Proc. 34.6(f)(1)-(4) which, in cases like this, provides that an appellant is entitled to a

new trial if (1) the appellant has timely requested a reporter's record, (2) without the appellant's fault, a significant exhibit has been lost or destroyed, (3) the lost or destroyed exhibit is necessary to the appeal's resolution, and (4) the parties cannot agree on a complete reporter's record.

2. Over the course of the trial, the State offered twenty-nine exhibits, all of which were inadvertently destroyed. While the court reporter was able to reconstruct some of the exhibits, appellant focuses on State's Exhibits Numbers Six through Twelve. These seven exhibits include:

These exhibits were found in the victim's home and were offered by the State at trial to prove appellant's presence in the victim's home at the time of the burglary. Expert testimony showed that a latent fingerprint on State's Exhibit No. 6 matched the thumb print of appellant.

*ISSUE*

Because appellant raises the question of whether he properly requested the missing exhibits for inclusion in the appellate record, we must necessarily address the issue of whether exhibits are considered part of the statement of facts. Appellant properly requested a statement of facts pursuant to Rule 53(a). If the exhibits are to automatically be included in the statement of facts, then appellant's request was sufficient and the exhibits should have been included. This Court recently addressed a similar issue in *Melendez v. State,* 936 S.W.2d 287 (Tex.Cr.App.1996). Upon further analysis, we have determined that our initial conclusion in *Melendez* was erroneous for two reasons: (1) it failed to adequately distinguish between *original* exhibits and *copies* of exhibits; and (2) it failed to apply an harmless error analysis to the lost exhibits before granting a new trial.[3]

*ANALYSIS OF RULE 50(e)*

On direct appeal appellant argued that he was entitled to a new trial pursuant to Rule 50(e) because some of the exhibits from his trial had been inadvertently destroyed and could not be replaced. The Court of Appeals disagreed holding that appellant was not entitled to a new trial because "exhibits are *sui generis* and may not be neatly 'pegged' as being solely part of the transcript or the statement of facts." 905 S.W.2d at 739.

Rule 50(e) provides:

> "When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts."

The majority of cases dealing with this issue were analyzed under Article 40.09, V.A.C.C.P., (repealed 1986). This Court has stated, however, that the cases decided under Article 40.09 continue to be helpful in the analysis of this ground for review and that the principles discussed are still applicable to an analysis under Rule 50(e). *Gibbs v. State,* 819 S.W.2d 821, 828 (Tex.Cr.App.1991).

In each of the cases which granted the defendant a new trial pursuant to Rule 50(e), the missing portion of the record was either the entire statement of facts, the final argument, or an essential portion of the trial which was relevant to the appeal. *See Dunn v. State,* 733 S.W.2d 212, 214 (Tex.Cr.App.1987) (court reporter's notes lost on part of an evidentiary hearing held on thirty-seven pretrial motions, part of voir dire examination of two venire persons excused on the State's challenge for cause, and all of the testimony of one witness); *Gamble v. State,* 590 S.W.2d 507, 509 (Tex.Cr.App.1979) (court reporter failed to transcribe notes from final arguments); *Timmons v. State,* 586 S.W.2d 509, 512 (Tex.Cr.App.1979) (defendant deprived of all of the court reporter's notes and transcription of the trial); *Pierson v. State,* 147 Tex.Cr.R. 15, 177 S.W.2d 975, 976 (1944) (defendant deprived of the entire statement of facts).

In order to determine the applicability of Rule 50(e) to missing exhibits, we must determine whether the exhibits are part of the statement of facts (thus, the court reporter's notes and records), the transcript (the clerk's

food wrappers, soft drink cans, and a cigarette butt which cannot be reproduced.

3. In Judge Mansfield's concurring and dissenting opinion in *Melendez,* he agrees that the appellant should be granted a new trial because a key piece of evidence was inadvertently lost but states that if it is proven that the missing exhibits "are of no value to the reviewing court and have no impact on the resolution of appellant's points of error, then reversible error is not present." *Melendez,* 936 S.W.2d at 299, (Mansfield, J., concurring and dissenting) (citing Tex.R.App.Proc. 81(b)(2) and *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App.1989)).

records), or neither as the Court of Appeals suggests in its opinion. *Gomez*, 905 S.W.2d at 739. In order to determine the correct placement of the exhibits in the record, we look to the Rules of Appellate Procedure and its Appendix.

Our analysis begins with Rule 50(a) which states that the contents of the record "shall consist of the transcript and, where necessary to the appeal, the statement of facts." In deciding what is to be included in both the transcript and the statement of facts we refer to Rules 51 and 53, respectively. Rule 51(a) lists the items that are to be included in the transcript on appeal but does not mention the inclusion of exhibits. Rule 51(b) provides, however, that any party may file a written designation with the clerk specifying matters for inclusion in the transcript and that such designation must be specific.

Rule 51(d) allows for the inclusion of *original exhibits* in the transcript "when the trial court is of the opinion that [the] original papers or exhibits should be inspected by the appellate court in lieu of copies . . ." In this circumstance the trial court, or the appellate court on its own initiative, may order such exhibits to be sent for the appellate court's inspection.

Moreover, Rule 11(a)(4) provides that the duties of the court reporter shall include the filing of all exhibits with the clerk. This transfers the custody and control over all exhibits admitted during the course of the proceedings to the clerk. Hence, at the completion of the trial, the actual exhibits become part of the *clerk's records*, not the court reporter's.

Rule 53 addresses the rules regarding the statement of facts on appeal. Rule 53(a) orders an appellant to make a written request to the court reporter designating the portion of the evidence to be included in the statement of facts. There is no reference made to the automatic inclusion of exhibits.

In determining whether any type of exhibit is to be included in the statement of facts, we look to the Texas Rules of Appellate Proce-

dure Appendix for Criminal Cases.[4] Rule 1 of the Appendix gives the instructions for the format of both the transcript and the statement of facts on appeal. Specifically, Rules 1(b)(4), (5), and (6) are helpful in the evaluation of the placement of exhibits. For example, the relevant part of Rule 1(b)(4) reads as follows:

"The court reporter shall also show in a separate table in the first volume of the *statement of facts* the page at which any *exhibit* or other document copied therein appears, and the pages at which it is identified (when an *exhibit* is identified by more than one witness, page references shall be made where each witness identified the *exhibit*.)" (Emphasis added.)

Rule 1(b)(5) states:

"(5) Unless ordered otherwise pursuant to Rule 51(d), neither *physical evidence* (gun, clothing, controlled substance, etc.) nor ordinarily an *original exhibit* is to be included in the record on appeal. Each item of physical evidence must be described alone on a separate piece of paper; it and a legible copy of other exhibits will appear respectively on a separate page of the *statement of facts.* However, when a legible copy of a photograph or any paper exhibit may not be made, the original exhibit shall be included in the record under order of the *trial court made pursuant to* Rule 51(d)." (Emphasis added.)

Rule 1(b)(6) further directs:

"*Copies of exhibits* received in each separate proceeding or hearing, including those *descriptions of physical evidence*, will be placed in numerical order at the end of the *statement of facts* of that proceeding or hearing, or in a separate volume if the exhibit material is voluminous." (Emphasis added.)

■ The foregoing provisions lead us to the conclusion that original exhibits are not part of the statement of facts but are part of the transcript, if so designated by the trial or appellate court. *See* Rule 51(d). Copies of exhibits and summary descriptions of physi-

---

4. The provisions in the appendix are a directive by the Court of Criminal Appeals pursuant to the provisions of Rules 51(c) and 53(h), T.R.A.P., and

became effective simultaneously with the Texas Rules of Appellate Procedure on September 12, 1986.

cal exhibits are part of the statement of facts. Appendix Rule 1(b)(6). This is one distinction that this Court failed to make clear in its opinion in *Melendez, supra.* In *Melendez,* we simply stated:

> "We therefore hold that when a complete statement of facts is timely requested by appellant or ordered by the trial court the court reporter shall include and display in the statement of facts copies of all admitted exhibits in the form and manner prescribed by the rules of this Court." (Footnote omitted).

> "We further hold on much the same basis that *such exhibits* are part and parcel of 'notes,' and also constitute 'records,' of the court reporter within intendment and for purposes of the TRAP 50(e)." *Melendez,* 936 S.W.2d at 292. (Emphasis added).

When set out in emphasis, it is easy to realize that what is part of the court reporter's notes and records is the *copies* of the exhibits and not the exhibits themselves. The opinion in *Melendez,* taken as a whole, failed to make the distinction clear. In fact, the opinion in *Melendez,* tarnishes the result at the end of the majority opinion by stating, "[a]dmitted exhibits become part of the statement of facts, and as such are notes and records of a court reporter for purposes of TRAP 50(e)."

### SUBSTITUTION AND REVIEW OF THE RECORD

█ When any portion of the record is lost or destroyed, Rule 50(e) allows for substitution with a duplicate even if the appellant does not consent to the substitution. *Harris v. State,* 790 S.W.2d 568, 576 (Tex.Cr. App.1990). If the missing portion of the record is the description of the physical exhibits at the end of the statement of facts the court reporter may, upon request, reconstruct the summaries for purposes of the appeal. If the descriptions are contained elsewhere in the record but are not in the proper form, the appellate court shall make a case-by-case determination of whether the

failure to include the summaries of the exhibits hinders the court's review of the case. If the missing descriptions in no way impede the review of the record, the alternate location of the descriptions will suffice. The principles of judicial economy frustrate the remand of a case to have the court reporter insert pages at the end of the statement of facts if there are sufficient descriptions located elsewhere.

### APPLICATION

█ In the case at hand, the summary descriptions of the physical exhibits were not included in the statement of facts. However, there is an exhibit list located in the front of the statement of facts which gives a page reference for each exhibit admitted over the course of the proceedings. This exhibit list provides a sufficient description of each physical exhibit, even though it is not in the appropriate form. The exhibits themselves are not contested in this appeal. We hold that, although copies or descriptions of exhibits are part of the statement of facts, a reversal may be required only if the lost or destroyed exhibits cannot be reproduced and are not located elsewhere in the record but are *necessary for the appellate court's review of the case on appeal.*[5]

█ We granted appellant's ground for review to decide whether the Court of Appeals erred in holding that the appellant did not specifically request that the exhibits be included in the appellate record and therefore could not complain of their absence on appeal. Appellant argues that his request for the statement of facts includes a request for the inclusion of exhibits. We disagree. The language in the letter merely requests that the court reporter's notes be transcribed in question-and-answer form including the parts of the proceedings which dealt with the admission of exhibits. Furthermore, original exhibits should not be placed in the statement of facts, but should be included in the transcript pursuant to Rule 51(d). As previously stated, appellant filed a designation of

---

5. We note that the outcome in *Melendez* would be the same even if the Court would have conducted an harm analysis. In *Melendez,* the missing exhibits were necessary to the appellate court's review of the case and the court of appeals had requested that the exhibits be forwarded to the court for inspection. *Melendez,* 936 S.W.2d at 295.

transcript but did not specifically request the inclusion of the exhibits as the rule requires. Therefore, he cannot now complain that the actual exhibits are missing from the record.

Although the descriptions of the physical exhibits are missing from the end of the statement of facts, sufficient descriptions are located in the exhibit list. Moreover, we find that these descriptions are not necessary for an adequate review of this case.

■ Finally, the record reflects that any error resulting from the lost original exhibits was harmless. The record reflects that officer Bruce Clawson collected State's Exhibit Numbers Six through Twelve from the crime scene. The State then called fingerprint expert, officer Robert Leon Elliot, who testified that the fingerprints on exhibits 6 through 12 matched the fingerprints of the defendant. This testimony was uncontroverted. In fact, the record reveals that the defense attorney did not cross-examine officer Elliot. Thus, because the evidence is uncontroverted that the fingerprints found on the now missing exhibits were in fact the defendant's, the lost exhibits are not necessary to the appeal's resolution. Moreover, the latent fingerprints on the original food wrappers are of no assistance to us in resolving appellant's grounds for review because we are not qualified to interpret and compare latent fingerprints. We conclude that the loss of the exhibits was harmless, in no way impedes our review of the record, and in no way hindered the defendant's right to a meaningful appeal.

For the reasons stated above, appellant's sole ground of review is overruled. The judgment of the Court of Appeals is affirmed.

BAIRD, J., filed a dissenting opinion.

OVERSTREET and MEYERS, JJ., dissented without opinion.

BAIRD, Judge, dissenting.

The majority errs in reaching the merits of appellant's ground for review because the issue was decided in *Melendez v. State*, 936 S.W.2d 287 (Tex.Cr.App.1996), which holds trial exhibits are part and parcel of the court reporter's notes and constitute part of the statement of facts.

It took one year longer for appellant's case to work its way through this Court than *Melendez*, and because that year brought with it changes in the membership of this Court, appellant will not be treated as Melendez was. Instead, the majority opts to revisit the issue only because *Melendez* is unfavorable to their partisan agenda of reaching results which favor the State. Believing parties have a right to expect this Court to resolve cases impartially, and in accordance with existing law, I dissent.

## I. The Issue Is Settled

Prior to our opinion in *Melendez*, there was a split among the courts of appeals as to whether exhibits were part of the statement of facts, the transcript, both or neither.[1] However, the issue was resolved when this Court decided *Melendez* on December 18, 1996: *exhibits are part and parcel of the statement of facts*. Also, it is clear the *Melendez* Court resolved the instant issue, stating:

> In sum, even if exhibits may be considered sui generis, as the *Gomez* court would hold, still they are functionally integrated parts of the evidence and thus belong within the statement of facts. The [*Melendez*] court of appeals correctly determined that the statement of facts without all admitted exhibits is incomplete. [Internal citation omitted].

*Melendez*, 936 S.W.2d at 293. Rather than being controlled by the doctrine of *stare decisis*, the current majority chooses to overlook this portion of *Melendez*, and gratuitously rewrite the law in furtherance of their agenda.

## II. Facts of Present Case

Appellant properly and timely requested a complete appellate record. He filed a Designation of Transcript with the Clerk of the

---

1. In *Melendez*, the court of appeals held exhibits were part of the statement of facts, *Melendez*, 936 S.W.2d at 293, while the *Gomez* court of appeals held they were neither a part of the statement of facts or the transcript, but rather, "exhibits are *sui generis* and may not be neatly 'pegged' as being solely part of the transcript or the statement of facts." *Gomez*, 905 S.W.2d at 739.

Court and listed sixteen items to be included in the transcript. Exhibits were not among those items requested for inclusion in the transcript. Likewise, appellant filed a Request for a Statement of Facts to the court reporter *specifically requesting the inclusion of "... exhibits and all other matters ... that were reported in this cause...."* *See,* Appendix A.

On appeal, appellant argued he was entitled to a reversal pursuant to Tex.R.App. P. 50(e) because the exhibits had been inadvertently destroyed and, because they were items of physical evidence, they could not be copied or replaced. The missing exhibits were food wrappers, soft drink cans and cigarette butts. As in *Melendez,* these exhibits were admitted into evidence at trial, considered by the jury when determining appellant's guilt, but were not included in the appellate record because they were destroyed.

### III. Majority Relies on Inapplicable Rules of Appellate Procedure

The majority's opinion fails to resolve the issue in this case under the current Rules of Appellate Procedure which came into effect on September 1, 1997. Pursuant to this Court's Order of August 15, 1997, the new rules "shall govern *all* ... petitions ... thereafter brought and in all proceedings then *pending,* except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be followed." *See,* Appendix B. Thus, the rules which went into effect on September 1, 1997, were to be applied retroactively. However, the majority neither applies the new rules nor explains

how their application would work an injustice in this case. As will be seen in Section V, *infra,* not only does the majority misinterpret the former Rules to appellant's detriment, they deliberately cheat appellant out of the benefits of the new rules by not applying them to this case. All the same, because the majority applied the former rules, I must address both the former and the present rules in order to show the continuing viability of *Melendez.*

### IV. Former Tex.R.App. P. 50(e)

The majority's opinion begins with a discussion of former Tex.R.App. P. 50(e): [2]

*Lost or Destroyed Record:* When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. *If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.*

The majority states: "in order to determine the applicability of Rule 50(e) to missing exhibits, we must determine whether the exhibits are part of the statement of facts (thus, the court reporter's notes and records), the transcript (clerk's records), or neither as the Court of Appeals suggests in its opinion." *Ante* at 574. The majority interprets the rules as saying original, actual exhibits are not part of the statement of facts, but rather part of the transcript, thus making it incumbent on appellant to designate

**2.** Former T.R.A.P 50(e) eff. Sept.1, 1986 (Repealed 1997) and re-written as 34.5(e) and 34.6(f)(1)-(2), and (4) eff. Sept. 1, 1997.

T.R.A.P. 34.5(e): *Clerk's record lost or destroyed:* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must— on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

T.R.A.P. 34.6(f): *Reporter's record lost or destroyed.* An appellant may be entitled to a new trial under the following circumstances:
(1) if the appellant has timely requested a reporter's record;
(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or-if the proceedings were electronically recorded-a significant portion of the recording has been lost or destroyed or is inaudible; and
(4) if the parties cannot agree on a complete reporter's record.

the exhibits for inclusion in the transcript pursuant to former Rule 51(d) which provided: [3] *Ante* at 575–576.

When the trial court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping, transportation, and return thereof as it deems proper. The order shall contain a list of such original exhibits in numerical order, with a brief identifying description of each, and, so far as practicable, all such exhibits shall be arranged in the order listed and firmly bound together. The appellate court on its own initiative may direct the clerk of the court below to send to it any original paper or exhibit for its inspection.

As noted earlier, appellant did not request that the clerk include the original exhibits *in the transcript.* Thus, the majority's opinion argues appellant cannot now complain about their absence in the record on appeal. However, their argument is erroneous because former Rule 51(d), and its current version, Tex.R.App. P. 34.5(b)(1), (2) and (4), taken alone, do not provide the applicable procedure to deal with the present issue. In fact, the applicable Rules, as well as the procedures employed by those in the practice of law, dictate exhibits are found, in one form or another, in the Statement of Facts in an appellate record.

### V. Exhibits Part of Statement of Facts in Appellate Record

It is clear that "[e]xhibits are part of the appellate record which shall be included, *whether designated or not.*" *Durrough v. State,* 693 S.W.2d 404, 405 (Tex.Cr.App.1985). As discussed, *supra,* appellant properly requested a complete appellate record, inclusive of exhibits; it was incomplete through no fault of his own. Additionally, appellant did not agree to go forward with an incomplete record.

The applicable rules direct an appellant to request the inclusion of exhibits and transcriptions of the evidence from *the court reporter,* who is responsible for preparing the statement of facts. For example, former Rule 11, currently Rule 13.1,[4] requires the court reporter *must:* (b) take all exhibits offered in evidence during a proceeding and ensure that they are marked; (c) file all exhibits with the trial court clerk after a proceeding ends; and (e) perform other acts relating to the reporter's or recorder's official duties, as the trial court directs. The majority distorts this rule requiring court reporters to file all exhibits with the clerk when the proceeding ends by concluding "[t]his transfers the custody and control over all exhibits admitted during the course of the proceedings to the clerk. Hence at the completion of the trial, the actual exhibits become part of the clerk's records, not the court reporter's." *Ante* at 575. There is no support in law, or practice for this proposition and that is why the majority fails to cite any support for it. However, in *Melendez,* 936 S.W.2d at 292, fn. 5, this Court had the intellectual integrity to address this very issue:

Lurking about this procedure is a simple question at once technical in nature yet manifestly practical in reality: Since the court reporter is the recipient and collector of all original exhibits admitted as evidence during trial and other proceedings, but is to file them with the clerk of court, which officer of the court bears the responsibility

---

3. Former T.R.A.P. 51(d) eff. Sept. 1, 1986 (Repealed 1997) and re-written as T.R.A.P. 34.5(b)(1),(2) and (4) eff. Sept. 1, 1997 which provides:

(1) Time for request. At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record. (2) Request must be specific. A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can readily identify it. *The clerk will disregard a general designation, such as one for "all papers filed in the case."* The clerk may consult with the parties concerning items to be included in the clerk's record.
(4) Failure to timely request. An appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record.

4. Former T.R.A.P. 11 and 12, eff. Sept. 1, 1986 (Repealed 1997) and rewritten as T.R.A.P. 13.1.

of making copies for inclusion in the statement of facts?

*Id.* To resolve this dilemma, the *Melendez* Court consulted Texas law and found our answer in the Government Code:

> V.T.C.A. Government Code § 52.047 which authorizes *the official court reporter* to charge a reasonable fee for a "transcript of the evidence," and an additional fee for, inter alia:
>
> (2) photostating, blueprinting, or other reproduction of exhibits;
>
> (3) indexing; and
>
> (4) *preparation for filing and special binding of original exhibits.*

*Id.* In light of this provision, we observed:

> Obviously the Legislature recognized those functions are reserved to the court reporter. While it is true that the court reporter must file original exhibits with the clerk of court, *we have no cause to believe that beyond receiving the exhibits for safekeeping and perhaps occasionally issuing a copy thereof upon application of a citizen under Article 102.005(d), V.A.C.C.P., the clerk of court would claim a right to perform functions assigned by law to the court reporter.*

*Id.* Therefore, this Court has already rejected the majority's argument that the responsibility for including exhibits in the record shifts from the court reporter in preparing the statement of facts to the clerk in preparing the transcript. The majority elects to disregard this because *Melendez* settled the issue and the majority has no *legal support* for their position.

Those that engaged in the practice of law accept the general principle that it is the function of the court reporter to include exhibits, in one form or another, in the statement of facts. This is evidenced by the Court of Appeals' Order, dated September 16, 1993, stating: "[w]e order the *court reporter* for the 122nd Judicial District to file a *supplemental statement of facts* containing copies of the *exhibits* introduced at trial in this cause." *See,* Appendix C. The Rules of

Appellate Procedure support what practitioners and the judiciary understand: is the duty of the court reporter to include exhibits in the statement of facts.

Additionally, former Rule 53(a), now Rule 34.6(b)[5] required an appellant to make a written request to *the court reporter,* designating the portion of the evidence to be included in the statement of facts. While ignoring the plain language of former Rule 53(a), the majority comments the Rule makes "no reference . . . to the automatic inclusion of exhibits." *Ante* at 575.

For this reason, the majority argues it is necessary to consult the Texas Rules of Appellate Procedure *Appendix* for Criminal Cases in order to determine whether an exhibit is to be included in the statement of facts or not. *Ante* at 575. The Appendix Rules relied upon by the majority are no longer in effect and have been re-written with some important substantive changes. The majority deliberately ignores the new rules because they believe the former Appendix Rules "are helpful in the evaluation of the placement of exhibits . . . [and] the foregoing provisions [former Appendix Rules] lead us to the conclusion that original exhibits are not part of the statement of facts but are part of the transcript . . . [and][c]opies of exhibits and summary descriptions of physical evidence are part of the statement of facts." *Ante* at 575–576.

Neither the repealed Appendix Rules cited by the majority, nor their current versions support the majority's conclusion. In fact, both the current and former Appendix Rules reveal it is the responsibility of the court reporter, exclusively, to include either: 1) acceptable copies of exhibits; 2) physical descriptions on individual pieces of paper of the exhibits; or 3) actual original exhibits in the statement of facts.

The former Appendix Rule 1(b)(4),[6] relied on by the majority provided, in pertinent part:

---

**5.** Former T.R.A.P. 53(a), eff. Sept. 1, 1986 (Repealed 1997) and re-written as T.R.A.P. 34.6(b).

**6.** Former Appendix Rule 1(b)(4) (Repealed 1997) and re-written as Appendix Rule 1(B)(*l*), eff. September 1, 1997.

The *court reporter* shall also show in a separate table in the first volume of the *statement of facts* the page at which any *exhibit* or other document copied therein appears, and the pages at which it is identified ... offered, marked, received, and shown.

Former Rule (1)(b)(5),[7] also relied on by the majority, goes on to say that:

Unless ordered otherwise pursuant to Rule 51(d), neither physical evidence [examples omitted] nor ordinarily an original exhibit is to be included in the record on appeal. Each item of physical evidence must be described alone on a separate piece of paper; it and a legible copy of other exhibits will appear respectively on a separate page of the statement of facts. However, when a legible copy of a photograph or any *paper exhibit*[8] may not be made, the original exhibit shall be included in the record under order of the trial court made pursuant to Rule 51(d).

Finally, the majority relies on former Rule 1(b)(6)[9] providing:

Copies of exhibits received in each separate proceeding or hearing, including those descriptions of physical evidence, will be placed in numerical order at the end of the statement of facts of that proceeding or hearing, or in a separate volume if the exhibit material is voluminous.

Therefore, not only does the majority err by citing the former Rules instead of the current Rules, they misinterpret the former Rules. Former Rule 1, titled "Statement of Facts," subsection (b)(5), relied on by the majority does not say original exhibits are *NOT* to be included in the record. Rather, it merely says "neither physical evidence ... nor *ORDINARILY* an original exhibit is to be included in the record on appeal." The word "ordinarily" in this Rule opens a window allowing for exceptions when an original exhibit can be included in the record, specifically, in the statement of facts.

Additionally, the majority trivializes the requirement of Rule 1(b)(5) that each item of physical evidence *"must be described alone on a separate piece of paper,* and a legible copy of other exhibits will appear respectively on a separate page of the statement of facts." This rule is, in fact, mandatory, as noted by the word "must." Yet, despite the fact the Rule is mandatory, the majority cavalierly concedes that in the present case "[s]ummary descriptions of the physical exhibits were not included in the statement of facts." *Ante* at 576.

Additionally, former Rule 1(b)(6) which requires "... descriptions of physical evidence be placed in numerical order at the end of the statement of facts of that proceeding or hearing, or in a separate volume if the exhibit material is voluminous ..." is also not complied with in the present case. The plain language of the former Appendix Rules cited by the majority reveals the court reporter is responsible for including a physical description, more than a mere list, of exhibits, or the original exhibit itself in the statement of facts.

Second, as discussed *supra,* by not applying the current Rules of Appellate Procedure, the majority fails to address substantive changes to the Appendix Rules which strengthen appellant's argument. If the former Appendix Rules were not clear enough, the new Appendix Rules, subsection (B)(1)(n), (o) and (p) are unequivocal the *original exhibits MUST be included in the reporter's record,* when, as in this case, the court reporter *fails to properly describe the missing physical evidence on a separate piece of paper* as required. Additionally, Appendix Rule (B)(1)(o) is clear original exhibits *must* be in the reporter's record when the court reporter is *unable to copy or reconstruct the exhibit.*

Appendix Rule (B)(1)(o) provides:

When a legible copy of a photograph or any other exhibit cannot be made, the orig-

---

7. Former Appendix Rule (1)(b)(5) (Repealed 1997) and re-written as Rules 1(B)(n) and (o).

8. Note that the current version of this Rule, Rule 1(B)(o) does not apply to paper exhibits only. The current rule was re-written so that if a copy

of ANY exhibit cannot be made, the original exhibit MUST be included.

9. Former Rule 1(b)(6) (Repealed 1997) and re-written as Rule 1(B)(p).

inal exhibit must be included in the reporter's record under order of the trial court made pursuant to Rule 34.6(g).

Rule (B)(1)(*o*)'s predecessor, former Rule (1)(b)(5), by its own language only applied to paper exhibits when it said "... when a legible copy of a photograph or any other PAPER EXHIBIT may not be made, the original exhibit shall be included in the record...." On the other hand the new Rule, (B)(1)(*o*), applies to "ANY OTHER EXHIBIT," not merely paper exhibits. This change to the plain meaning of the rule has significant implications to the present case in that, because the court reporter was unable to copy or reproduce the original exhibits, he was required to include the original exhibits in the statement of facts.

Although, in the instant case, inclusion of the original exhibits was factually impossible because they were missing, this impossibility does not obviate appellant's complaint, rather it shows that because appellant was entitled to have the original exhibits reviewed on appeal, the fact these exhibits were not in the record entitles him to relief. Simply because it is a more common practice for the court reporter to include a copy, or a physical description of an original exhibit rather than the actual original exhibit itself does not mean the court reporter is not obligated to include the original exhibit if, as in the present case, the original exhibit cannot be copied or reconstructed, or, when the court reporter has failed to provide a suitable description of the exhibit pursuant to the rules as an alternative.

Since the plain language of the Rules *required* the court reporter to include the original exhibits, and the original exhibits could not be included because they were missing, appellant was deprived of a complete record through no fault of his own.

## VI. Sufficiency of Evidence Review Impossible Without Complete Record

On appeal, appellant challenged the sufficiency of the evidence to sustain the conviction. Despite precedent stating appellant is entitled to a complete record on appeal, the majority argues the absence of the exhibits in this case "was harmless, [and] in no way impedes our review of the record, and *in no way hindered the defendant's right to a meaningful appeal*" (*Ante* at 577). Essentially, the majority opinion holds a court of appeals need not review the evidence in order to make a ruling on appellant's challenge to the sufficiency of the evidence. Not only does this holding contradict Texas law, it has far-reaching, detrimental ramifications, which, unquestionably hinder an appellant's right to meaningful appellate review.

In *Perez v. State*, 824 S.W.2d 565, 568 (Tex.Cr.App.1992) we asked: *"How can we say the instant failure to provide a complete record did not contribute to the verdict or punishment when the failure has prevented us from having a complete record from which to assess the integrity of the verdict?"* The present majority however does not pose the same question because their primary concern lies not with the integrity of the appellate process, but with reaching the desired result.

It is axiomatic that neither the court of appeals nor this Court can review sufficiency of the evidence without a complete record, which, according to *Durrough*, 693 S.W.2d 404 necessarily includes exhibits. In *Greenwood v. State*, 823 S.W.2d 660 (Tex.Cr.App. 1992), this Court held:

> In its sufficiency review, a reviewing court bears the responsibility of reviewing the entire record in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This constitutional mandate is predicated upon the ability of the reviewing court to consider *all the relevant evidence* in a given case. *The presentation of only a partial record makes such a consideration impossible.*

By ignoring this Court's opinion in *Greenwood*, the majority has elected not to consider, and permitted the court of appeals to not consider, all of the evidence in appellant's case.

Even though the majority shows no respect for this Court's precedent, they are bound by precedent of the United States

Supreme Court. As in the present case, the indigent appellant in *Draper v. State of Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, alleged insufficient evidence to support his conviction. The trial court in *Draper* took it upon itself to decide Draper's appeal was frivolous and denied his motion for a free transcript. Draper sought review by certiorari of the trial court's decision in the Supreme Court of Washington. In response, the Supreme Court of Washington, also without looking at the underlying evidence characterized the *unexamined evidence* as sufficient to show petitioner's guilt of the crime of robbery. Referring to Draper's sufficiency of the evidence claim, among others, the United State's Supreme Court held:

> Petitioners' contentions in the present case were such that they could not be adequately considered by the State Supreme Court on the limited record before it ... Finally, the alleged failure of the evidence to sustain the conviction could not be determined on the inadequate information before the Washington Supreme Court.

*Draper*, 372 U.S. at 496–97, 83 S.Ct. at 779–80.

### VII. Absence of Exhibits Not Harmless

*This Court has consistently held when an appellant's record is incomplete through no fault of his own, he need not demonstrate any harm and is entitled to a per se reversal of his conviction.* In *Perez v. State*, 824 S.W.2d at 568, this Court explained why application of a harmless error analysis is inappropriate and unjust as applied to cases such as the present one:

> The nature of harmless error analysis calls for an appellate court to examine the error which occurred during the course of the trial and determine whether, beyond a reasonable doubt, the error made no contribution to the conviction or the punishment. If the appellate court finds the error met this test by not sufficiently interfering with integrity of the process, the error is harmless. *A failure to provide a complete record on appeal falls outside the scope of this type of analysis. This type of error does not affect the internal integrity of a trial, but instead interferes with the judicial process by blocking an appellate court's ability to assess the record of a trial.*

In *Dunn v. State*, 733 S.W.2d 212, 216 (Tex.Cr.App.1987), we said: "... we have long held that the omission of a portion of the statement of facts from the record on appeal mandates reversal irrespective of whether the accused shows, or even alleges, that he suffered harm thereby." *See also, Soto v. State*, 671 S.W.2d 43 (Tex.Cr.App.1984) (incomplete statement of facts not subject to harmless error analysis); *Austell v. State*, 638 S.W.2d 888 (Tex.Cr.App.1982) (appellate court cannot affirm conviction of appellant deprived of portion of statement of facts through no fault of his own); *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979) (incomplete statement of facts not subject to harmless error analysis); *Timmons v. State*, 586 S.W.2d 509 (Tex.Cr.App.1979) (appellant deprived of statement of facts by no fault of his own entitled to reversal of conviction).

Tex.R.App. Pro. 44.2(b), which provides the current standard for reversible error in criminal cases makes exception for errors such as the error present in this case, that is, error which affects appellant's "substantial rights." Case law is clear appellant has a substantial right to review of a complete record on appeal. In *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956), the United States Supreme Court explained the importance of an appellate record when they held a *State, which chooses to grant an accused appellate review must provide a transcript to indigent criminal appellants who could not afford to buy one in order to assure an "adequate and effective" appeal. Id.*, at 20, 76 S.Ct. at 591.

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court, holding the Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal of right, explained: "[t]he right to appeal would be unique among state actions if it could be withdrawn without consideration of applicable due process norms." The *Evitts* Court recognized the appellate record IS the essence of an appeal when it said: " In *Griffin* ... the State had

in effect *dismissed petitioner's appeal* because he could not afford a transcript."

In *Ward v. State,* this Court was faced with the question of whether counsel rendered effective assistance in perfecting and pursuing a meaningful appeal as guaranteed by the United States and Texas Constitutions. In its determination, and significant to the present case, this Court recognized:

> *In Texas the absence of a statement of facts severely limits appellate review. Consequently, the absence of a statement of facts renders appellant's appeal a "meaningless ritual."* [Internal citation omitted.]

*Ward,* 740 S.W.2d 794, 799–800 (Tex.Cr.App. 1987).

## VIII. Conclusion

The issue presented in this case, was decided only one year ago in *Melendez* when we held exhibits are part of the statement of facts. Today, the majority attempts to distinguish *Melendez* as not providing for the inclusion of *original exhibits* in the statement of facts. However, both the Rules, discussed *supra,* and the customs of those engaged in the practice of law dictate otherwise. There is simply no support in law for the majority's conclusion.

Not once does the majority cite the current Rules of Appellate Procedure and their reliance on the former Rules flaws their argument and renders it erroneous. For instance, the current Appendix Rules B(1)(n), (*o*) and (p) represent significant changes in the law making it patently clear the original exhibit MUST be included in the statement of facts: 1) when the court reporter fails to provide copies; or 2) fails to include individual, written physical descriptions of the original exhibits. The majority opinion conveniently ignores this mandatory rule in its conclusion original exhibits are not part of the statement of facts.

Likewise, the majority ignores case law holding the presentation of a partial record renders a sufficiency of the evidence consideration impossible. Instead, the majority finds the absence of the original exhibits from appellant's record to be "harmless" thus, indicating sufficiency of the evidence review in Texas does not require review of the evidence. They disregard case law warning that failure to provide a complete record "interferes with the judicial process." They summarily disregard a string of United States Supreme Court cases holding appellant has a substantial due process right to an appellate record on appeal.

This case should be remanded to the court of appeals for reconsideration in light of *Melendez.* Yet the majority chooses to bulldoze existing law simply to reach a result which benefits the State. To reach this result the majority opinion ignores existing law; disregards appellant's substantial right to an appeal inclusive of a complete appellate record; renders the appellate process nothing more than a "meaningless ritual" by permitting the reviewing court to arbitrarily affirm convictions without actually "reviewing" anything. Accordingly, I dissent.

APPENDIX A

# ROBERT E. HOSKINS

ATTORNEY AT LAW

1023 MOODY AVE. • P.O. BOX 1538 • GALVESTON, TEXAS 77553 • (409) 762-4898

April 14, 1993

Mr. Dale Lee
Court Reporter
Galveston County Courthouse
Galveston County, Texas  77550

Re:  Cause Number 91CR1854; filed in the 122nd District Court
         of Galveston, Texas
     The State of Texas Vs. Tony Valdez Gomez

Dear Mr. Lee:

Please be advised the defendant in the above and styled and numbered cause has given Notice of Appeal.  Defendant requests that you prepare and deliver an original and one copy of a Statement of Facts for use in this appeal.  This Statement of Facts must be in question-and-answer form of the evidence, exhibits and all other matters, including voir dire and arguments, that were reported in this cause.  It must also be certified.

The Statement of Facts is due to filed on June 11, 1993 in the Court of Appeals.  By Court order, the Statement of Facts is to be provided to Defendant at no charge.

If you have any questions, please contact me at 762-4898.

Sincerely,

Robert E. Hoskins

REH/jmh

cc:
    Clerk of Court
    122nd District
    404 Galveston County Courthouse
    Galveston, Texas  77550

APPENDIX B

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Misc. Docket No. 97-_____

_____

## FINAL APPROVAL OF REVISIONS TO THE
## TEXAS RULES OF APPELLATE PROCEDURE

_____

ORDERED that:

1.   The Texas Rules of Appellate Procedure, amended by Order of March 20, 1997, and now changed after public comments, are those attached. The format and style of these amended rules are part of the official promulgation.

2.   These amended rules take effect September 1, 1997. Unless this order provides otherwise, they shall govern all proceedings in motions for new trial, appeals, petitions for discretionary review, and petitions or applications for extraordinary writs thereafter brought and in all such proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be followed.

3.   If the initial brief, petition for discretionary review, or petition or application for extraordinary writ in a case is filed before September 1, 1997, all other briefs in that case in that court may comply with the former rules, but if the initial brief, petition for discretionary review, or petition or application for extraordinary writ in a case is filed on or after September 1, 1997, all other papers filed in that case in that court must comply with these amended rules.

4.   In an appeal perfected before September 1, 1997, any cross-appeal may be brought in accordance with either the rules and law in effect before that date or these amended rules.

5. Beginning September 1, 1997, no case can be disposed of or issue decided on the ground that the record was not timely filed, before or after that date, except under these amended rules.

6. Except as provided in Paragraph 3, the timeliness of an act done on or after September 1, 1997, must be determined under these amended rules unless it was determined untimely by written order before September 1, 1997.

7. The notes and comments appended to these changes are incomplete, are included only for the convenience of the bench and bar, and are not a part of the rules.

8. The Clerk is directed to file an original of this Order with the Secretary of State forthwith, and to cause a copy of this Order to be mailed to each registered member of the State Bar of Texas by publication in the *Texas Bar Journal*.

SIGNED AND ENTERED this _15TH_ day of _AUGUST_, 1997.

_____
Michael J. McCormick, Presiding Judge

_____
Charles F. (Charlie) Baird, Judge

_____
Morris L. Overstreet, Judge

_____
Lawrence E. Meyers, Judge

_____
Stephen W. Mansfield, Judge

_____
Sharon Keller, Judge

Tom Price, Judge

Sue Holland, Judge

Paul Womack, Judge

APPENDIX C

Order filed September 16, 1993.

In The

### Fourteenth Court of Appeals

NO. C14-93-00537-CR

TONY VALDEZ GOMEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 91CR1854

## ORDER

On motion of appellant, the court has determined the record must be supplemented. *See* Tex. R. App. P. 55(b).

We order the clerk of the 122nd Judicial District to prepare a supplemental transcript containing the writ of attachment issued by the trial court in this cause.

We order the court reporter for the 122nd Judicial District to file a supplemental statement of facts containing copies of the exhibits introduced at trial in this cause.

The supplemental transcript and supplemental statement of facts shall be filed with the clerk of this court on or before October 1, 1993.

PER CURIAM

Order entered September 16, 1993.

Panel consists of Justices Robertson, Cannon and Bowers. (J. Bowers not participating).

Do not publish - TEX. R. APP. P. 90.