# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00794-CR
NO. 03-05-00795-CR
NO. 03-05-00796-CR
NO. 03-05-00798-CR
NO. 03-05-00799-CR

**Ryan Andrew Garza, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NOS. A-05-0006-S, A-05-0513-S, A-05-0929-S, A-05-0930-S, B-05-0155-S,
HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## O P I N I O N

Ryan Garza was charged with five crimes under five different cause numbers and pled guilty to each crime. On appeal, he contends that the court reporter failed to make a complete record of the trial court proceedings and, therefore, denied him a complete record for the purposes of appeal. *See* Tex. R. App. P. 13.1(a). Further, he asserts that the error was harmful and that, accordingly, his conviction should be reversed and remanded for a new trial. We will affirm his conviction.

## BACKGROUND

Garza does not contest the sufficiency of the evidence supporting his verdict, so we will only briefly recite the facts of this case. Garza was indicted for the offenses of tampering with evidence, theft of a firearm, engaging in organized criminal activity, and two deliveries of a controlled substance. Garza pled guilty to each crime.

According to the official reporter's record, the following exchange occurred during trial:

THE COURT: Okay. Mr. Garza, based upon the evidence I have heard, as well as your guilty plea, in cause Number A-05-0513-S, I'm going to find you guilty of tampering with evidence, a third degree felony committed February 28th, 2005.

DEFENDANT'S
COUNSEL: May we approach, Your Honor: I'm sorry to interrupt you.

THE COURT: Yes.

(At the Bench, off the Record.)

THE COURT: All right. Your attorney has reminded me that you could be eligible for deferred adjudication. And so I am going to withdraw my finding of guilt in that one case and I am not going to make any decisions as to guilt or innocence at that time.

We are going to have one hearing. We've already heard evidence as to guilt or innocence but we are going to continue that Hearing and hear evidence as to what your punishment should be. After that I will decide whether to find you guilty of these cases or to put you on deferred adjudication.

In each of these cases there is evidence to substantiate your guilt, and I will determine whether to defer that adjudication later or to

make that determination at this time. Do you understand what I am doing?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Any objections with that from the State?

STATE'S
COUNSEL: No, Your Honor.

Ultimately Garza was not given deferred adjudication and was adjudged guilty in each cause. Garza was sentenced to six years' imprisonment for the tampering offense, two years' imprisonment for the theft offense, six years' imprisonment for the organized criminal activity offense, and eleven years' imprisonment for each delivery of a controlled substance.

## DISCUSSION

Garza appeals the judgment of the district court, contending that the court reporter's failure to record the bench conference was error under rule 13.1(a) of the rules of appellate procedure and that his conviction should be reversed.

Rule 13.1(a) of the rules of appellate procedure provides as follows:

The official court reporter or court recorder must:

(a)  unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings;

Tex. R. App. P. 13.1(a).

Garza's argument relies on a split in authority regarding the scope of rule 13.1(a). Some appellate courts have concluded that the failure of a court reporter to record portions of trial

proceedings constitutes error because rule 13.1(a) requires the court reporter to make a record unless the parties agree otherwise. *See Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161 (Tex. App.—Texarkana 2005, no pet.); *Smith v. State*, 114 S.W.3d 66, 70 (Tex. App.—Eastland 2003, pet. ref'd);*Tanguma v. State*, 47 S.W.3d 663, 674 (Tex. App.—Corpus Christi 2001, pet. ref'd).

However, this Court has previously disagreed with this conclusion. *See Guzman v. State*, No. 03-02-00040-CR, 2002 Tex. App. LEXIS 6333, at *5-6 (Tex. App.—Austin August 30, 2002, no pet.) (not designated for publication). In *Guzman*, this Court noted that the requirement in rule 13.1(a) that a court reporter attend all court sessions unless the parties agree otherwise conflicts with the requirements of section 52.046 of the government code. *Id.* at *6 n.3. Section 52.046 of the government code provides, in relevant part, as follows:

(a) *On request*, an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

Tex. Gov't Code Ann. § 52.046(a) (West 2005) (emphasis added). We stated in Guzman that "[i]f the rule is construed so that it is inconsistent with the statute, the rule must fall." *Guzman*, 2002 Tex. App. LEXIS 6333, at *6 n.3. Ultimately, this Court held that the trial court did not err in failing to make a record of the defendant entering his plea because the right to have a written record of the plea is a right that may be waived and Guzman signed a written waiver of this right. *Id.* at *5.

Other courts have also concluded that rule 13.1(a) conflicts with section 52.046(a) of the government code and, therefore, rule 13.1(a) yields to the requirements of section 52.046. *See Langford v. State*, 129 S.W.3d 138, 139 (Tex. App.—Dallas 2003, no pet.); *Washington v. State*, 127 S.W.3d 111, 115 (Tex. App.—Houston [1st Dist.] 2003, no pet.).[1] These courts further concluded that if a party wants to have a court reporter record the proceedings, the party must make that request under section 52.046. *See Langford*, 129 S.W.3d at 139; *Washington*, 127 S.W.3d at 115.

Garza urges us to adopt the reasoning articulated in *Taguma* and conclude that the court reporter's failure to record the bench conference constituted error. Further, he contends that the failure to record the bench conference constituted reversible error. In support of his contention that reversible error is present in this case, Garza refers to *Osborne v. State*, 845 S.W.2d 319 (Tex.

---

[1] The Houston Court has also expressly held that rule 13.1(a) was void because it enlarged defendants' substantive rights despite the mandate in the government code prohibiting rules from modifying substantive rights of litigants. *Polasek v. State*, 16 S.W.3d 82, 89 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see* Tex. Gov't Code Ann. § 22.108(a) (West 2004) (court of criminal appeals may promulgate rules of procedure, but its rules may not abridge, enlarge, or modify substantive rights of litigants). Specifically, the court concluded the rule changed the right to a court reporter from a right that must be requested to a right that must be waived. *Polasek*, 16 S.W.3d at 88-89.

5

App.—Houston [1st Dist.] 1992, pet. ref'd), and *Perez v. State*, 824 S.W.2d 565 (Tex. Crim. App. 1992). However, his reliance on these two cases is misplaced.

In *Osborne*, the court concluded that failure to grant a defendant's request for a court reporter is reversible error and that no harm need be shown. *Osborne*, 845 S.W.2d at 322. However, the *Osborne* case involved the predecessor to rule 13.1(a). *See former* Tex. R. App. P. 11(a)(1). Under that rule, a party was required to request the presence of a court reporter. In this case, Garza was not denied the right to a court reporter after specifically requesting one be present.

In *Perez*, the court stated that the failure to provide a complete record on appeal "interferes with the judicial process by blocking an appellate court's ability to assess the record of a trial." *Perez*, 824 S.W.2d at 568. The court further explained that, without a complete record to assess the integrity of the verdict, there is no way to perform a harmless error analysis. *Id.* However, in that case, the court reporter lost large portions of the record and the tape recordings of the proceeding, preventing transcription of the missing parts. *See id.* at 566.

Garza's reliance on the *Tanguma* line of cases is similarly misplaced. In *Valle v. State*, the court of criminal appeals determined that, even under rule 13(a), a party must object to the fact that a court reporter did not record a bench conference in order to preserve error for appeal. 109 S.W.3d 500, 508-09 (Tex. Crim. App. 2003); *see State v. Herndon*, 115 S.W.3d 231, 234 (Tex. App.—Corpus Christi 2003, pet. granted) (appellee did not object to failure to record bench conference and, therefore, did not preserve error). Nothing in the record indicates that Garza made this type of objection, and Garza does not complain on appeal that he actually made an objection.

Therefore, we conclude that Garza failed to preserve any error for appeal. *See Valle*, 109 S.W.3d at 509.

However, even if the error had been preserved, the failure of a court reporter to record a bench conference is neither a structural error depriving a defendant of basic protections, nor is it constitutional error. *See Tanguma*, 47 S.W.3d at 675-76. Accordingly, the error is subject to a harmless error analysis and must be disregarded unless it affects an appellant's substantial rights. *See* Tex. R. App. P. 44.2(b) (nonconstitutional errors not affecting substantial rights must be disregarded); *see also Johnson v. State*, 82 S.W.3d 471, 473 (Tex. App.—Austin 2002, no pet.) (failure to record bench conference is procedural defect and must be disregarded unless it affects appellant's substantial rights).

The bench conference occurred after the guilt innocence phase of the trial. After the conference, the judge stated, "Your attorney has reminded me that you could be eligible for deferred adjudication. And so I am going to withdraw my finding of guilt in [the tampering with evidence case.] . . . [W]e are going to continue that Hearing and hear evidence as to what your punishment should be. After that I will decide whether to find you guilty of these cases or to put you on deferred adjudication." As a result of the bench conference, the district court delayed entry of its finding of guilt in light of the possibility of deferred adjudication. Therefore, based on this record, we conclude that the unrecorded bench conference actually helped Garza and that no substantial right of Garza's was affected. *Cf. Smith*, 114 S.W.3d at 70 (no substantial right of appellant had been affected by failure to record bench conference); *Tanguma*, 47 S.W.3d at 680 (same).

Therefore, we overrule Garza's issue on appeal.

7

**CONCLUSION**

Having overruled appellant's sole issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 21, 2006

Publish

8