Edward PAYNE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 68936.

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1990.

Rehearing Overruled Jan. 30, 1991.

Michael R. Maguire, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Lyn McClellan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

WHITE, Judge.

Appeal is taken from a conviction for capital murder. See V.T.C.A., Penal Code § 19.03. Since the jury answered "yes" to the two special issues submitted under Art. 37.071(b), V.A.C.C.P., appellant was sentenced to death. He brings three points of

error, all of which claim that he is entitled to a new trial because of the hopelessly incomplete state of the record. The sufficiency of the evidence to support the judgment and sentence is not challenged. Because we find merit in appellant's contentions, we will reverse and remand this cause to the trial court.

This case has been percolating in the judicial system for a long time. Trial was held in the spring of 1979. The jury returned a guilty verdict on May 17, 1979 and answered the special issues in the affirmative eight days later on May 25.[1] A little more than a month later, the parties appeared for a hearing on appellant's motion for new trial. When the motion was denied, notice of appeal was given, and appellant's trial counsel secured an order for their appellate appointment.

At this point, it should have been a relatively simple matter to prepare the record and perfect the appeal to this Court. But several causes of delay arose which confounded the course of events. The first cause of delay was an improper assignment of the case to the First Court of Appeals in Houston, which did not have jurisdiction to review the case, since the death penalty had been assessed.[2] See Art. 4.03, V.A.C.C.P. A second cause of delay was the court reporter's unexplained inability to finish transcription of his shorthand notes. Appellant was granted at least six extensions of time to file the record which were based on Court Reporter Donald Lewis Rymer's tardiness in performing his work. Since Rymer's work was still substantially incomplete in late 1982, appellant filed responses and objections to Notices of Completion of the record on November 15, 1983 and February 16, 1983; these objections were sustained.

In April of 1984, Rymer was asked to appear before the District Court to show cause why he should not be held in contempt for failing to finish his work. At the hearing, the District Court ordered him to file the statement of facts by July 1, 1984, but Rymer missed this deadline just as he had all the others. After this "straw that broke the camel's back", this Court held Rymer in contempt and ordered him incarcerated in the Harris County Jail pending completion of the record. On September 24, 1984, upon representation from Rymer that he had finished, he was ordered released.

The record, however, still remained incomplete and unsatisfactory. Appellant filed a second set of objections to the incompleteness of the record in October of 1984, and a series of hearings was held on these objections over the next several years.[3] The final products of these series of hearings were an Order Certifying the Appellate Record as Incomplete dated August 10, 1987, and a set of Findings of Facts Regarding the State of the Appellate Record dated August 25, 1987. The Order reads as follows:

On the ___ day of August, 1987, came on to be heard and considered the Defendant's Motion to Certify the Appellate Record as Incomplete filed herein.

Whereas, this Court, on January 19, 1986, found that the Statement of Facts in the instant case was incomplete and defective and that the testimony of at least three relevant and material witnesses had been irretrievably lost by the court reporter; and

Whereas, this Court at the hearing on January 19, 1986, found that the court reporter responsible for the transcription of the Statement of Facts had done all he could do to perfect the transcription; and

Whereas, the record in the instant case is further incomplete in that the trial judge at Defendant's trial, Judge J.D. Guyon,

---

1. Nowhere in the record is the actual sentence of death pronounced; the written judgment is dated *March* 27, almost two months before the punishment phase verdict. This example is typical of the deplorable state of the record.

2. The Court of Appeals dismissed the case and remanded it to the trial court for proper assignment to the Court of Criminal Appeals on November 5, 1982.

3. Although it is difficult to piece events together because of the jumbled record, it appears that hearings were held December 7, 1984; November 15, 1985; January 19, 1986; and August 10, 1987.

is deceased and died before he made any findings of fact and conclusions of law concerning the admissibility of Defendant's statement at his trial; and

Whereas, this Court has further found in the hearing of January 19, 1986, that the lack of a complete Statement of Facts was in no way due to the negligence or other fault on the part of the Defendant or his counsels [sic] or the State and its counsel; and

Whereas, Appellant's counsel and State's Counsel has [sic] exercised due diligence in attempting to secure a complete statement of facts in the instance [sic] case; and

Whereas, the status of these matters has not changed in any respect since the Court's findings of the hearing of January 19, 1986;

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED that the Defendant's Motion to Certify the Appellate Record as Incomplete should be granted.

SIGNED AND ENTERED this 10th day of August, 1987.

/s/ Judge A.D. Azios
232nd Judicial District Court
Harris County, Texas

The District Court's findings of fact, signed on August 25, 1987, are as follows:

1. Defendant was found guilty of the offense of Capital Murder in Cause No. 283,989 in the 232nd District Court of Harris County, Texas on May 25, 1979.

2. Defendant was assessed the death penalty and gave Notice of Appeal on June 28, 1979.

3. Defendant timely filed his written designation specifying matter for inclusion in the record with the Clerk of this Court in accordance with Article 40.09(2) C.C.P.

4. At a final hearing on Defendant's objections to the record as incomplete on January 19, 1986, this Court found that the Statement of Facts was incomplete and defective in that the testimony of at least three witnesses whose testimony was material and relevant, was missing.

5. The irrevocably incomplete status of the record centers around the court reporter's inability to produce the testimony of at least three witnesses that the State has agreed would be of interest to the Court of Criminal Appeals in deciding the appeal of the Defendant.

6. The trial judge at the Defendant's trial, Judge J.D. Guyon, is deceased and died before he made any findings of fact and conclusions of law concerning the admissibility of Defendant's statement at this trial.

7. Consequently, the record is incomplete in this regard and it is impossible to make the necessary findings of facts and conclusions of law because the record is without the testimony of at least three witnesses concerning the issue.

8. The court reporter responsible for the transcription of the Statement of Facts had done all he could do to perfect the transcription.

9. The lack of a complete Statement of Facts was in no way due to the negligence or other fault on the part of the Defendant or his counsel or on the part of the State's Attorneys.

10. Appellant and State's Counsel have exercised due diligence in attempting to secure a complete statement of facts.

In the light of these facts, we must reverse appellant's conviction and remand for a new trial. *Emery v. State,* 800 S.W.2d 530 (Tex.Cr.App.1990); *Dunn v. State,* 733 S.W.2d 212 (Tex.Cr.App.1987) (plurality opinion); *McGee v. State,* 711 S.W.2d 257 (Tex.Cr.App.1986); *Austell v. State,* 638 S.W.2d 888 (Tex.Cr.App.1982); See also *Soto v. State,* 671 S.W.2d 43 (Tex.Cr.App. 1984).

▪ The above authorities are applicable because they interpret the requirements of former Art. 40.09, V.A.C.C.P., which applies to the case at hand.[4] This conclusion follows from *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App.1990). In that case, as in this one, the defendant contended that he was entitled to a new trial

---

4. Art. 40.09 was repealed effective September 1, 1986 and replaced by T.R.A.P. 50.

because portions of the record had been lost. We then were faced with determining whether we should apply the Rules of Appellate Procedure or the former corresponding provisions of the Code of Criminal Procedure. Judge Duncan, writing for the Court, decided to apply the law as it stood before the effective date of the Rules because "the appellate procedures appropriate to preserve his Objection to the Record were 'completed or required to have been completed prior to September 1, 1986 ...'". *Id.*, at 574. Judge Duncan recognized that other proceedings, necessary to perfect the appeal, occurred after the September 1, 1986 effective date for the Rules. However, he stated that

> It would be absurd ... to require an appeal to be perfected under one standard and then arbitrarily apply another standard. Therefore, as to this appeal, we find that the provisions of the Code of Criminal Procedure are applicable.

*Id.* As was the case in *Harris*, objection to the record in this case had to be made before September 1, 1986, specifically within fifteen days of the last notice of the record's completion in the fall of 1984. See former Art. 40.09(7), V.A.C.C.P. Such objection was filed on October 22, 1984. We will therefore apply the procedural provisions in effect at that time.

As stated above, cases interpreting former Art. 40.09 have held that a defendant is entitled to the transcription of any part of the court reporter's notes which he has properly designated for inclusion in the appellate record, as long as he has exercised due diligence in attempting to secure the requested transcription and has in no way caused the omission due to negligence, laches, or other fault on his part or the part of his counsel. See, e.g., *Dunn*, 733 S.W.2d. at 215, quoting *Timmons v. State*, 586 S.W.2d. 509, 512 (Tex.Cr.App.1979). Unless some kind of substitute for this missing portion has been provided in accordance with a legal procedure authorizing the substitution, see *Harris, supra*, we have consistently held that depriving the appellant of part of the statement of facts to which he is entitled results in a new trial. *Emery, supra; Dunn, supra; McGee v. State*, 711 S.W.2d. 257 (Tex.Cr.App.1986); *Austell, supra; Timmons, supra* (panel opinion); *Gamble v. State*, 590 S.W.2d. 507 (Tex.Cr.App.1979) (panel opinion); *Hartgraves v. State*, 374 S.W.2d. 888 (Tex.Cr.App.1964).

The State argues that this case should be remanded only for a new *"Jackson v. Denno"* voluntariness hearing, after which findings of fact and conclusions of law can be made. According to this line of reasoning, a new trial can be avoided if appellant's statements are determined to have been voluntary.

Such a remedy might be appropriate if a *Jackson v. Denno* hearing had been erroneously denied to the appellant in the court below. See *Doby v. State*, 681 S.W.2d. 759 (Tex.App.—Houston [14th Dist.] 1984, no pet.). However, there *was* a voluntariness hearing in this case; we just lack the record of two days' testimony. The State's proposed remedy is also inappropriate because appellant's trial record is probably missing more than the testimony of three witnesses from the *Jackson v. Denno* hearing.[5] The judgment of the trial court is reversed and the cause is remanded for a new trial.

5. With the deplorable state of the record, it is extremely difficult to determine exactly what is missing. However, appellant argued at post-trial hearings that the following parts of the record are missing or incomplete: all docket sheets from cause number 269909, the original cause number for the case; the original indictment filed under the 269909 cause number; the waiver of speedy trial form dated June 26, 1978; the August 4, 1978 order appointing a psychiatrist; the transcriptions of many bench conferences held during pre-trial hearings and trial; several exhibits introduced into evidence; parts of the trial court's general instructions to the first jury venire; an admonishment given the jury when they were divided 11-1 on punishment; and defendant's sentencing. Apparently the trial court also encountered difficulty in evaluating these claims, since it failed to make an explicit finding that any of these items were lost. It did, however, allow for the loss of some or all of these items when it made the open ended finding that the missing portions of the record "center around" the missing testimony from the *Jackson v. Denno* hearing.

CLINTON, J., concurs because Article 37.071, V.A.C.C.P., contemplates the trial court must certify "the entire record" for review by this Court.

STURNS, J., not participating.