**Frank Darnell JOSEPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00436–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 1996.

Floyd W. Freed, III, Houston, for appellant.

J. Harvey Hudson, Houston, John B. Holmes, Jr., Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Appellant appeals from his conviction for theft, enhanced by two prior felony convictions. A jury found appellant Frank Darnell Joseph guilty of felony theft and the court found the enhancement allegations of the indictment to be true and assessed appellant's punishment at 45 years in the Texas Department of Criminal Justice Institutional Division. In one point of error, appellant claims the trial court erred in allowing the State to exercise peremptory strikes against members of appellant's race in violation of appellant's constitutional rights as set forth in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

Appellant is black; two people on the jury panel were black. Juror No. 33, a black person, was challenged for cause by the appellant and was excused by the court. Juror No. 7, Ms. Michelle Taylor, a black person, was struck by the State by exercise of a peremptory challenge. Thus, no black persons served on the jury. At the conclusion of the voir dire examination, the court conducted a *Batson* hearing to determine if Juror No. 7, Taylor, had been struck by the State for racial reasons. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 35.261(a) (Vernon 1989), the trial court found that appellant had established a prima facie case of racial exclusion. When the trial court asked the prosecutor for his reasons for striking the juror, the prosecutor stated that he had posed a hypothetical question to the panel involving identification in the case of a sting operation where the defendant was not arrested at the scene. The prosecutor asked the panel if anyone had a problem with this hypothetical and two jurors responded that they did have a problem, Ms. Taylor and Juror No. 2, Ms. Richardson. Ms. Richardson was caucasian

and was struck for cause because of some other statements she had made. Ms. Taylor, a black person, was struck by the State because of her response to this hypothetical. Counsel for appellant, in rebuttal to the State's race-neutral explanation for the strike, stated the following on the record:

> With regard to Ms. Taylor, the African–American female juror that was struck by the judge [*sic*] peremptorily. She merely asked one question, which was: "Why did they not arrest the defendant at the scene," to which the court responded, not the State. "We're already getting too much into the facts of the case. I'm not fussing at you, Ms. Taylor, but we need to move on." In fact, Ms. Taylor did not say she had any difficulty with the sting operation, merely asked a question of clarification as a question of the issue raised by the prosecutor in this case. Again, we urge our *Batson* challenge saying there was no apparent reason to challenge Ms. Taylor as a member of the African–American race.

Appellant did not question the prosecutor at the hearing nor did he introduce any evidence to rebut the proffered race-neutral explanation given other than a conclusory opinion that the prosecutor had "no apparent reason" to strike the juror. The trial court found that the prosecutor's reasons for striking Ms. Taylor were racially neutral and denied appellant's *Batson* challenge finding no purposeful racial discrimination.

 The Fourteenth Amendment to the United States Constitution prohibits the State from using its peremptory strikes in a racially discriminatory way. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Texas legislature has codified this prohibition at Tex.Code Crim.Proc.Ann. art. 35.261 (Vernon 1989). Initially, the defendant has the burden to establish a prima facie case of purposeful discrimination. *Harris v. State*, 827 S.W.2d 949, 955 (Tex.Crim.App.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). If the defendant makes a prima facie showing, then a "*Batson* hearing" is held at which the burden is on the State to rebut the presumption of discrimina-

tion by providing race-neutral explanations for challenging the jurors in question. *Id.* If the State comes forward with race-neutral reasons, then the burden shifts back to the defendant to impeach or refute the neutral explanations or show that they are merely a pretext for discrimination. *Salazar v. State*, 795 S.W.2d 187 (Tex.Crim.App.1990). If the trial judge concludes that the State used its strikes in a discriminatory manner, then the trial judge must dismiss the entire jury panel and call a new one. Tex.Code Crim.Proc. Ann. art. 35.261 (Vernon 1989).

 When an appellate court reviews a trial court's finding that no discrimination occurred, the appellate court must review the entire record, including voir dire and the *Batson* hearing, to determine if the trial court erred. *Whitsey v. State*, 796 S.W.2d 707, 723 (Tex.Crim.App.1989) (op. on reh'g). Findings by the trial court must be clearly erroneous for this court to overturn them on appeal. *Id.*

In a recent opinion, the U.S. Supreme Court further explained the role of the trial judge and the prosecutor in a *Batson* hearing:

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. *Hernandez v. New York*, 500 U.S. 352, 358–359, 111 S.Ct. 1859, 1865–1866, 114 L.Ed.2d 395 (1991) (plurality opinion); *Id.*, at 375, 111 S.Ct. at 1874, 114 L.Ed.2d 395 (O'CONNOR, J., concurring in judgment); *Batson*, at 96–98, 106 S.Ct. at 1722–1723. The second step of this process does not demand an explanation that is persuasive, or even plausible. "At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Hernandez*, 500 U.S., at

360, 111 S.Ct. at 1866 (plurality opinion); *Id.,* at 374, 111 S.Ct. at 1874, 114 L.Ed.2d 395, (O'CONNOR, J., concurring in judgment).

*Purkett v. Elem,* —— U.S. ——, ——, 115 S.Ct. 1769, 1770, 131 L.Ed.2d 834 (1995).

Thus, the Court holds that the appellate court should review the third step, that is, the trial court's decision whether or not the opponent of the strike has proved purposeful racial discrimination. Therefore, we are not to consider whether the race-neutral explanation is persuasive or even plausible but whether a discriminatory intent is inherent in the prosecutor's explanation.

In the instant case, the prosecutor explained he did not like the response given by the juror to a hypothetical question. Clearly, this was a race-neutral explanation because it in no way alluded to race but only asked how a person would feel under a given situation, without regard to race. The appellant took no steps to refute the explanation and impeach the prosecutor, nor did he offer any evidence to prove purposeful racial discrimination.

The burden of persuasion remains with the appellant to establish that a prohibited motive lies behind the use by the State of a peremptory challenge. *Camacho v. State,* 864 S.W.2d 524 (Tex.Crim.App.1993); *Tennard v. State,* 802 S.W.2d 678 (Tex.Crim.App. 1990). Appellant, having heard the apparently race-neutral explanation of the prosecutor had nothing additional to present in impeachment of or rebuttal to that explanation. The decision of the trial court was supported by the record and was not clearly erroneous. Point of error number one is overruled.

We affirm the judgment of the trial court.