In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00034-CR
______________________________


EDDIE CABELLO, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 26427


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.


O R D E R

Â Â Â Â Â Â Â Â Â Â Â Â Eddie Cabello appeals from his conviction by a jury for aggravated assault with a deadly
weapon on a public servant. He was sentenced October 20, 2004, to seventy-five years'
imprisonment. The record was due to be filed by February 17, 2005. The clerk's record was filed
FebruaryÂ 18, 2005. This cause was reported by three different court reporters. Two of those court
reporters filed their portions of the record FebruaryÂ 18 and March 21, consisting of the voir dire and
the trial. Court reporter Nancy Currie has not yet filed her portion of the record.
Â Â Â Â Â Â Â Â Â Â Â Â We have received and granted three requests from Currie for additional time in which to
prepare this record. On her third request, we granted until JuneÂ 30, 2005, to file the record. It was
not filed. On July 25, she sent this Court a request for a fourth thirty-day extension, until July 29,
2005. The record has not been filed, and Currie has not returned calls from our clerk's office.
Â Â Â Â Â Â Â Â Â Â Â Â This Court has joint responsibility, along with the trial court, to ensure that an appellate
record is timely filed. Tex. R. App. P. 35.3(c). Currie has continued to assure this Court that the
record will be here soon, but another thirty days has now elapsed, and the record has not been
tendered. In accordance with Tex. R. App. P. 37.3(a)(2), because the record has not been timely
filed, the matter has now been referred to the Court.
Â Â Â Â Â Â Â Â Â Â Â Â We order Nancy Currie, court reporter, to prepare and file the record in Eddie Cabello v.
State of Texas, cause number 06-05-00034-CR. The record must be received by this Court on or
before August 15, 2005.
Â Â Â Â Â Â Â Â Â Â Â Â As we have recently been directly reminded by the Texas Court of Criminal Appeals, we can
and should exercise our contempt power to compel an errant court reporter to prepare and file the
record. Johnson v. State, 151 S.W.3d 193 (Tex. Crim. App. 2004); Payne v. State, 802 S.W.2d 686
(Tex. Crim. App. 1990) (ordering the reporter incarcerated until the record was completed); see Tex.
Gov't Code Ann. Â§Â 21.002 (Vernon 2004). If the record is not filed in accordance with this order,
Currie may be ordered to show cause why this Court should not hold her in contempt for failing to
obey the orders of this Court.
Â Â Â Â Â Â Â Â Â Â Â Â IT IS SO ORDERED.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date:Â Â Â August 5, 2005




utral explanations that have defeated a Batson challenge is a concern
regarding the venire person's response to a relevant hypothetical question. Joseph v.
State, 916 S.W.2d 657, 658-59 (Tex. App.-Houston [14th Dist.] 1996, no pet.). 

 The record here does not indicate the number of African-American venire persons
who were within the strike range or the number of African-Americans who served on the
jury. The State's race-neutral explanation of the strike involved the venire person's
propensity to be sympathetic to a defense of being in "the wrong place at the wrong time." 
Pitte's defense at trial was similar to a "wrong time and wrong place" defense. Thus, the
record does support the State's race-neutral explanation for striking the venire person.

 After the State offered this explanation as a race-neutral basis for striking the venire
person, Pitte offered nothing to prove or suggest that this explanation was a pretext or a
sham and, thus, he did not carry his burden of persuasion. When the trial court is offered
no evidence in rebuttal of the State's race-neutral explanation, the reviewing court is not
in a position to say that it feels a definite and firm conviction that the trial court made a
mistake. Ford v. State, 1 S.W.3d at 693. The trial court's denial of the Batson challenge
was not clearly erroneous.

 In his second and third points, Pitte contends the State's evidence is legally and
factually insufficient to prove that he threatened Venzant with imminent bodily harm. When
we review a challenge to the legal sufficiency of the evidence, we view the evidence in a
light most favorable to the verdict to determine if any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Kutzner v. State, 994
S.W.2d 180, 184 (Tex. Crim. App. 1999); Williams v. State, 827 S.W.2d 614, 616 (Tex.
App.-Houston [1st Dist.] 1992, pet. ref'd). When we review the factual sufficiency of the
evidence, we review all of the evidence as a whole, not in a light most favorable to the trial
court's finding. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We will find
the evidence factually insufficient if it is so weak as to be clearly wrong or unjust or if the
finding is against the great weight and preponderance of the evidence produced at trial. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We will give the fact-finder a
great amount of deference because it is in the best position to judge the weight and
credibility of the witnesses. Clewis v. State, 922 S.W.2d at 133. The fact-finder is free to
accept or reject all or any part of the testimony. Lehman v. State, 727 S.W.2d 656, 659-60
(Tex. App.-Houston [1st Dist.] 1987), aff'd, 792 S.W.2d 82 (Tex. Crim. App. 1990);
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). 

 Pitte contends the evidence is insufficient to show that Venzant was threatened with
imminent harm as required by statute because the threat allegedly made by him was
conditional rather than imminent. (3) 

 Threats of future harm may not be sufficient to reasonably place another in fear of
imminent bodily injury or death. See Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim.
App. 1989). Under certain circumstances, however, threats that may sound conditional or
speak of future harm can satisfy the element of robbery. See Green v. State, 567 S.W.2d
211 (Tex. Crim. App. [Panel Op.] 1978). When examining a conditional threat to determine
whether it involves future harm or imminent harm, the courts will consider the remoteness
of the occurrence of the condition and the present capability of the accused to carry out the
threat. Devine v. State, 786 S.W.2d at 270; Green v. State, 567 S.W.2d at 211.

 In Green, the appellant threatened the complainant with the words, "If you don't give
me the money, I'm going to cave your head in." Green v. State, 567 S.W.2d at 212. Green
argued that the threat was one that involved only future harm and was, therefore,
insufficient to constitute a threat of imminent bodily injury or death. Id. at 213. However,
since the complainant was in a face-to-face confrontation with Green and Green's
companion, the court found that the threat was sufficient to make the offense robbery. The
court reasoned that, had the complainant not complied with Green's request, the harm was
to be inflicted immediately. Id. 

 Venzant testified that she and her daughter were alone at the car wash with Pitte
and that he threatened to "knock [her] out" if she did not acquiesce to his taking her purse
and keys. Considering the fact that Pitte was only three to four feet away from Venzant,
it is reasonable to believe that he had the current ability to injure her if she did not move
away and let him accomplish his theft. Unlike the threat in Devine, the threat here involved
consequences that were to occur immediately if she did not comply with his demand. In
Devine, the threat involved harm that would occur at an indefinite time and place had the
complainant not met the appellant's demands. Pitte's threats to Venzant more closely
resemble those in Green, where the complainant was alone in a hotel room with Green and
another who appeared to be able to "cave [his] head in" at that point in time and at that
location had the complainant not complied. 

 Viewing the facts in a light most favorable to the verdict, we find the evidence legally
sufficient to find beyond a reasonable doubt that Pitte threatened Venzant with imminent,
rather than future, harm when he made the threat. Viewing all the evidence in a neutral
light, we find it factually sufficient on this issue as well.

 In his fourth and fifth points, Pitte challenges the legal and factual sufficiency of the
evidence to show that Pitte placed Venzant in fear of imminent bodily injury or death, as
required by Tex. Pen. Code Ann. § 29.02 (Vernon 2003).

 A person commits robbery if in the course of committing theft, he "intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Pen.
Code Ann. Â§ 29.02(a)(2). The accused need not expressly threaten another or display a
weapon to commit robbery. See Williams v. State, 827 S.W.2d at 616; Welch v. State, 880
S.W.2d 225, 227 (Tex. App.-Austin 1994, no pet.). It is sufficient to constitute robbery if
the accused places the complainant in fear of bodily injury or death to the degree that
"reason and common experience" will likely induce the complainant to part with his property
against his will. Devine v. State, 786 S.W.2d at 270; Cranford v. State, 377 S.W.2d 957,
958 (Tex. Crim. App. 1964) (citing Easley v. State, 82 Tex. Crim. 238, 199 S.W. 476
(1917)).

 In Cranford, the defendant committed robbery when he approached a cashier in a
grocery store, handed her a note reading, "Give me your money," verbally assured the
cashier that he was not joking, and made a gesture that the cashier thought was a reach
for a weapon. Cranford v. State, 377 S.W.2d at 958. A robbery conviction was also
upheld when the defendant was not armed and made no express threats, but his demands
for money and "generally aggressive manner" were enough to place a reasonable person
in fear of imminent bodily injury or death. Welch v. State, 880 S.W.2d at 227.

 Here, the threat, "Bitch, you'd better move or I'll knock you out" in conjunction with
Pitte's proximity and the other circumstances were sufficient to place Venzant in fear of
imminent bodily injury or death. Like the complainant in Green, Venzant was reasonable
in fearing that, if she did not comply with Pitte's demand, harm would follow immediately. 
Venzant testified that she felt afraid when Pitte threatened her. As a reaction to that fear,
she says, she tried to protect herself by spraying Pitte with the car wash spray gun. She
testified she believed that Pitte was going to hurt her in some way. She said she did not
know if he had a knife or a gun "or what." Reason and common experience suggest that
this set of circumstances would place Venzant in fear likely to induce her to part with her
property against her will. 

 Pitte argues that Venzant was not placed in fear by the words he spoke to her. He
points to the fact that she swung the spray gun at him as evidence that she was not afraid. 
Venzant, however, testified positively that she became afraid after hearing the threat and
believed that Pitte would hurt her in some way. 

 The jury observes the demeanor of the witnesses and has the authority to judge the
witnesses' credibility and determine the weight to give their testimony. See Penagraph v.
State, 623 S.W.2d at 343. From a review of all the evidence, we conclude that the
evidence is legally and factually sufficient to support the finding that Venzant was placed
in fear of bodily injury or death.

 In his sixth and seventh points of error, Pitte asserts that the State did not produce
legally or factually sufficient evidence to rebut his defense of mistaken identity.

 As the State points out, mistaken identity is not a defense. See Giesberg v. State,
984 S.W.2d 245 (Tex. Crim. App. 1998). It is a defensive theory offered to negate the
identity element of the offense. Giesberg v. State, 945 S.W.2d 120, 124 (Tex.
App.-Houston [1st Dist.] 1996), aff'd, 984 S.W.2d 245 (Tex. Crim. App. 1998). The State
carries its burden in a criminal case if it proves each element of the offense beyond a
reasonable doubt, but it is not required to rebut an accused's defensive theory beyond a
reasonable doubt. As did the court in Giesberg, we treat this as a challenge to the
sufficiency of the evidence to prove Pitte's identity beyond a reasonable doubt. Id.

 The State produced more than ample evidence that Pitte was the individual who
robbed Venzant. Venzant testified that she noticed Pitte at the car wash before the
incident. She watched him as he approached her and asked if she wanted help washing
her car. Nothing hindered Venzant's view of Pitte's face. Venzant testified that it was a
clear day, and that she has no vision problems and does not wear glasses. Pitte did not
wear anything to cover his face. She testified that no one else was present at the car wash
when the robbery occurred. She provided the acquaintance who arrived later and the
police with the direction in which Pitte ran and with his description. A man running in that
same direction and fitting that description was found by police. Thirty minutes after the
events, Venzant identified Pitte as the man who robbed her. Pitte was carrying $220.00
in his pocket that matched the amount and denomination of the money Venzant said was
taken from her. 

 The jury heard Venzant's own testimony regarding the identity of the man who
robbed her. Other evidence supports that identification, but the only one who testified to
the identity of the robber and who was actually present at the time of the robbery was
Venzant. A conviction may be based on the testimony of a single eyewitness. See Aguilar
v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). There is additional identification
evidence here, however.

 In response to Venzant's testimony that Pitte was the man who robbed her, Pitte
asserted that the guilty person is Michael Johnson, an acquaintance who was with him at
the car wash and who is about his same height and weight. Pitte said the money was from
the amount his mother had paid him the day before for doing work around her house. His
mother testified that she had given him $289.00 for doing some work on the house. Pitte
ran, he said, because he saw Johnson take Venzant's keys and start running. He did not
want to get involved "in that jam." Additionally, Pitte questions the reliability of Venzant's
identification because she failed to point out the many visible tattoos he has.

 Granted, Pitte has offered some evidence that he is not the individual who robbed
Venzant. Evidence corroborating Venzant's identification of Pitte as the robber, however,
is abundant. Both investigating officers testified that, before he had an opportunity to
change, Pitte's clothes matched the description Venzant gave as to how he was dressed;
Pitte was seen running from the car wash immediately after the robbery; police
apprehended him shortly after they followed after him in the direction he ran; Pitte had the
exact amount of money and the exact same denomination of money when he was
apprehended that Venzant said he took from her; and Venzant identified Pitte again from
a photographic spread she viewed just before trial. We find legally and factually sufficient
evidence identifying Pitte as the person who robbed Venzant.


 For the reasons stated, we affirm the judgment.


 William J. Cornelius

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: December 3, 2003

Date Decided: March 21, 2003


Publish

1. Here, Pitte did not establish a prima facie case of purposeful discrimination. 
However, since the State proceeded to give a race-neutral explanation for the peremptory
strike and the trial court ruled on the matter, we should review the issue. See Hernandez
v. New York, 500 U.S. 352, 359 (1991); Hill v. State, 827 S.W.2d 860, 865 (Tex. Crim.
App. 1992). The issue of Pitte's prima facie case is moot. Hernandez v. New York, 500
U.S. at 359; Hill v. State, 827 S.W.2d at 865. 
2. See Batson v. Kentucky, 476 U.S. 79, 94-95 (1986).
3. Robbery can be committed by either threatening or by placing another in fear of
imminent bodily injury or death. See Vaughn v. State, 634 S.W.2d 310, 312 (Tex. Crim.
App. [Panel Op.] 1982).