

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-09-00009-CR

**ED COOKS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**


_____


**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 31327-CR**


## MEMORANDUM OPINION


The jury convicted Edward Cooks of 5 counts of sexual assault and assessed his punishment at 35 years confinement and a $10,000 fine for each count.  TEX. PENAL CODE ANN. 22.011 (Vernon Pamph. 2010).  We reverse and remand.

The reporter's record in this appeal was originally due on April 13, 2009.  After numerous attempts to obtain the record, this Court issued an order on November 10, 2010, abating the appeal for a second time to determine whether the reporter's record

was "lost or destroyed" within the meaning of TEX. R. APP. P. 34.6(f). The trial court conducted a hearing in accordance with this Court's order.

The trial court entered findings that (1) the original court reporter is not capable of preparing the reporter's record in this appeal, (2) another certified court reporter determined that a proper reporter's record cannot be prepared from the records, and (3) the reporter's record is irretrievably lost. The trial court concluded that the lost, destroyed, or inaudible portions of the reporter's record are necessary to the appeal's resolution.

Rule 34.6 (f) states that an appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Because the reporter's record is irretrievably lost and necessary to the appeal, we reverse Cooks's convictions and remand the case for a new trial. *Payne v. State*, 802 S.W.2d 686 (Tex. Crim. App. 1990).

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed February 2, 2011
Do not publish
[CRPM]