

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00047-CR

**TRACY LEWELLEN REAMY,**

                                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                            **Appellee**


_____


**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 32548-CR**


## MEMORANDUM  OPINION


The jury convicted Tracy Lewellen Reamy of possession of a controlled substance with intent to deliver in a drug-free zone and assessed her punishment at 65 years confinement.  We reverse and remand.

The reporter's record in this appeal was originally due on March 22, 2010.  After numerous attempts to obtain the record, this Court issued an order on November 10, 2010, abating the appeal for a second time to determine whether the court reporter would be capable of filing the reporter's record, whether another certified reporter

should be appointed to prepare the record, and a reasonable time period within which the reporter's record could be prepared and filed. The trial court conducted a hearing in accordance with this Court's order.

The trial court entered findings that the original court reporter is not capable of preparing the record in this appeal and that another certified court reporter determined that a proper reporter's record cannot be prepared from the records. The trial court concluded that the court reporter's records are lost and irretrievable. The trial court further concluded that the lost record has impeded Reamy's rights to resolve her appeal.

Rule 34.6 (f) states that an appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Because the reporter's record is irretrievably lost and necessary to the appeal, we reverse Reamy's conviction and remand the case for a new trial. *Payne v. State*, 802 S.W.2d 686 (Tex. Crim. App. 1990).

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 6, 2011
Do not publish
[CRPM]