# NO. 12-21-00187-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY LEWIS DYE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Cody Lewis Dye, appeals from his conviction for possession of a controlled substance, for which he received a twenty-year sentence of imprisonment. Appellant filed a motion to abate for correction of inaccuracies in volume five of the reporter's record, which consisted of the guilt-innocence phase of trial. Substitute court reporter Beverly E. Dixon prepared volume five and Appellant's counsel represented that the volume revealed inaccuracies that exceed typographical errors and create confusion as to what occurred during this phase of trial. This Court ordered the trial court to conduct a hearing and make written findings of fact as to whether there are any inaccuracies in volume five of the record and, if any such inaccuracies exist, the corrections to be made. We further ordered that if the trial court found volume five of the record to be inaccurate, the trial court should order the court reporter to conform the reporter's record to what occurred in the trial court and file certified corrections with this Court.

After a hearing, the trial court made the following pertinent findings: (1) Appellant timely requested preparation of the reporter's record; (2) any error in the transcript or missing portion of the transcript is not due to any act or omission of the State or Appellant; (3) at the hearing, all parties agreed that volume five is "so filled with errors as to render it unusable and wholly unreliable;" (4) volume five consisted of the entirety of the guilt-innocence phase of the jury trial, including multiple witnesses' testimony, physical evidence, and the State's evidence against

Appellant; (5) Dixon testified that there are no recordings, notes, or other means by which to create an accurate transcript of what occurred, thus, there is no basis to believe that Dixon or another reporter could correct and file a new record if ordered to do so; and (6) the "missing portion of the record was of such a nature that the parties cannot reasonably be expected to stipulate as to the correct contents," nor can the court "on its own recollection recreate the record."

This Court requested letter briefs from the parties as to whether Appellant is entitled to a new trial. Both Appellant and the State filed letter briefs taking the position that Appellant is entitled to a new trial. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). "[D]epriving a defendant of part of the statement of facts to which he is entitled results in a new trial." *Perez v. State*, 824 S.W.2d 565, 567 (Tex. Crim. App. 1992) (en banc); *Payne v. State*, 802 S.W.2d 686, 689 (Tex. Crim. App. 1990) (en banc).

As the trial court's findings reflect, all four of Rule 34.6(f)'s criteria have been met: (1) Appellant timely requested the record, (2) a significant portion of the record is lost through no fault of Appellant's, (3) being the guilt-innocence phase of trial, volume five is most certainly necessary to the appeal's resolution, and (4) the lost volume cannot be replaced by agreement of the parties or otherwise. Accordingly, we *reverse* Appellant's conviction and *remand* the case for a new trial. *See Beal v. State*, No. 01-12-00896-CR, 2016 WL 1267805, at \*6 (Tex. App.—Houston [1st Dist.] Mar. 31, 2016, no pet.) (mem. op., not designated for publication); *see also Cooks v. State*, No. 10-09-00009-CR, 2011 WL 337335, at \*1 (Tex. App.—Waco Feb. 2, 2011, no pet.) (mem. op., not designated for publication); *Hawkins v. State*, No. 12-08-00357-CR,

2010 WL 546701, at *4 (Tex. App.—Tyler Feb. 17, 2010, pet. ref'd) (mem. op., not designated for publication).

**GREG NEELEY**
Justice

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2022**

**NO. 12-21-00187-CR**

**CODY LEWIS DYE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0383-21)

THIS CAUSE came to be heard on the appellate record and letter briefs filed herein, and the same being considered, because it is the opinion of this Court that a significant portion of the record is lost, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*