# NOS. 12-21-00239-CR
# 12-21-00240-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOEL LEE GONZALES,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joel Lee Gonzales appeals his convictions for aggravated assault against a public servant and evading arrest with a motor vehicle. In his sole issue, Appellant contends that he is entitled to a new trial on punishment in both cases because the record of the punishment hearing is unreliable and cannot be corrected. We reverse and remand for a new punishment hearing in both cases.

## BACKGROUND

Appellant was indicted for aggravated assault against a public servant and evading arrest with a vehicle. Both indictments contained enhancement paragraphs alleging that Appellant had three prior felony convictions. He pleaded "not guilty" to the aggravated assault on a public servant offense, and "guilty" to the evading arrest with a vehicle offense, but "not true" to the State's deadly weapon and prior conviction enhancement allegations in both cases. Ultimately, the jury found Appellant guilty of the aggravated assault charge. The trial court's judgments reflect that it assessed Appellant's punishment at life imprisonment for the aggravated assault case and forty years for the evading arrest case, and that the deadly weapon and enhancement allegations in both cases were "true." This appeal followed.

## UNRELIABLE PUNISHMENT HEARING REPORTER'S RECORDS

Appellant filed a motion to abate for correction of inaccuracies in volume eight of the reporter's record, which consisted of the punishment phase of trial. Substitute court reporter Beverly E. Dixon prepared volume eight and Appellant's counsel represented that the volume revealed inaccuracies that exceed typographical errors and create confusion as to what occurred during this phase of trial. This Court ordered the trial court to conduct a hearing and make written findings of fact as to whether there are any inaccuracies in volume eight of the record and, if any such inaccuracies exist, the corrections to be made. We further ordered that if the trial court found volume eight of the record to be inaccurate, the trial court should order the court reporter to conform the reporter's record to what occurred in the trial court and file certified corrections with this Court.

After a hearing, the trial court made the following pertinent findings: (1) Appellant timely requested preparation of the reporter's record; (2) any error in the transcript or missing portion of the transcript is not due to any act or omission of the State or Appellant; (3) at the hearing, all parties agreed that volume eight is "so filled with errors as to render it unusable and wholly unreliable;" (4) volume eight consisted of the entirety of the sentencing phase of the trial, including that both the State and Appellant called one or more witnesses; (5) Dixon testified that there are no recordings, notes, or other means by which to create an accurate transcript of what occurred, thus, there is no basis to believe that Dixon or another reporter could correct and file a new record if ordered to do so; and (6) the "missing portion of the record was of such a nature that the parties cannot reasonably be expected to stipulate as to the correct contents," nor can the court "on its own recollection recreate the record."

This Court requested briefs from the parties as to whether Appellant is entitled to a new trial. Appellant filed briefs taking the position that he is entitled to a new trial on punishment in both cases. The State did not file a brief. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). "[D]epriving a defendant of part of the statement of facts to which he is entitled results in a new trial." **Perez v. State**, 824 S.W.2d 565, 567 (Tex. Crim. App. 1992) (en banc); **Payne v. State**, 802 S.W.2d 686, 689 (Tex. Crim. App. 1990) (en banc).

As the trial court's findings reflect, all four of Rule 34.6(f)'s criteria have been met. Appellant timely requested the reporter's record, and volume eight comprised the entirety of the testimony, evidence, and argument presented during the punishment phase of his trial for the aggravated assault case and the sentencing hearing for his evading arrest case. The pleadings and judgment indicate that the State sought to enhance the penalty range for the cases due to prior convictions and that deadly weapon findings were also made.

It is undisputed that volume eight contained inaccuracies of what transpired during the punishment phase for both of Appellant's cases. The inaccuracies of volume eight were not the fault of either party, and the parties cannot stipulate or agree to the contents of the record for the appeal. Without an accurate record of what transpired during the punishment hearing, neither appellate counsel, nor this Court can determine whether error occurred by the entry of deadly weapon findings for both cases, whether sufficient evidence supported the trial court's findings on the State's enhancement paragraphs, and whether there are any other errors in the judgments for either case. As a result, the only appropriate remedy is a new punishment hearing in both cases. *See id.*; *see also* **Dye v. State**, No. 12-21-00187-CR, 2022 WL 2062473, at *1–2 (Tex. App.—Tyler June 8, 2022, no pet.) (mem. op., not designated for publication); **Cooks v. State**, No. 10-09-00009-CR, 2011 WL 337335, at *1 (Tex. App.—Waco Feb. 2, 2011, no pet.) (mem. op., not designated for publication).

Appellant's sole issue in both cases is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we ***reverse*** the judgments of the trial court with respect to the punishments imposed and ***remand*** for new punishment hearings in both cases.

**BRIAN HOYLE**
Justice

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-21-00239-CR**

**JOEL LEE GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1275-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that Appellant is entitled to a new trial on punishment in the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new punishment hearing** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-21-00240-CR**

**JOEL LEE GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1276-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that Appellant is entitled to a new trial on punishment in the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new punishment hearing** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*